St. Louis Southwestern Railroad Company v.
Fannie Cannon.

Decided February 12, 1903.

**1.—Pleading and Charge—Issue Not Raised—Injury to Passenger.**

Where plaintiff's petition alleged that defendant's ticket office was not open until the arrival of the train, and that upon its arrival she hastened at once to the train, leaving her daughter to get the tickets, and began to ascend the steps of the car, but that before she reached the platform and before the train had remained stopped a sufficient length of time, it was suddenly started with a jerk, causing her injury, such failure of the train to stop long enough was the only issue of negligence presented, and it was error for the charge to submit, as a distinct basis of liability, the failure to open the ticket office sooner.

**2.—Same.**

The court having submitted an issue of negligence not pleaded as a basis of recovery, the judgment should not be affirmed upon the ground that the defendant asked charges restricting the effect of evidence, where such requested charges did not show that such negligence not alleged was regarded as presenting a distinct basis of recovery.

Appeal from the District Court of Smith. Tried below before Hon. J. Gordon Russell.

*Marsh, McIlwaine & Fitsgerald* and *E. B. Perkins,* for appellant.

*Robert E. Smith* and *Sawnie Robertson,* for appellee.

GILL, Associate Justice.—This suit was instituted by the appellee, Fannie Cannon, against the appellant railway company to recover damages for personal injuries alleged to have been sustained by her as a result of the negligence of the company. A trial by jury resulted in a verdict and judgment for appellee from which the company has appealed.

We state briefly the circumstances attending the accident as disclosed by the evidence adduced by appellee. On the occasion in question she was returning to her home in Smith County from a trip to Dallas, and was accompanied by her daughter and four small children. The eastbound train on appellant's road was due at Athens at 11:42 p. m., and appellee and her daughter and the children of the latter arrived at the station in ample time to procure their tickets before the arrival of the train. They found the ticket office closed, and it remained closed until the train was pulling into the station, when the ticket agent opened the window and began the sale of tickets. When the train pulled in appellee did not wait to purchase her ticket, but with a child of her daughter in her arms went at once to the train, leaving her daughter to purchase the tickets, which she did. When appellee got to the step of the coach she put her knee on the step and would have boarded the train, but because of her age and the weight of the child in her arms could not do so without assistance, and none of the trainmen were present to

assist her. Just before she reached the coach, however, her daughter, who had by that time procured the tickets, passed her, hurriedly entered the train with her baby and a bundle, placed them in a seat and was returning to assist appellee, when the train, without warning, started with a sudden jerk, throwing appellee to the ground and injuring her. As to whether the train was stopped a reasonably sufficient time for passengers to get on and off in safety, the evidence is conflicting.

The court charged the jury that it was the defendant's duty to keep its ticket office open for at least a half hour before the departure of its passenger trains. The court also charged the jury as follows: "If you find from a preponderance of the evidence that the plaintiff, Fannie Cannon, went to the defendant company's station at Athens, Texas, for the purpose of becoming a passenger on the defendant's passenger train, and if you find that defendant's agents at Athens whose duty it was, failed to have its ticket office at Athens open for the sale of tickets one-half hour before the departure of said train on which plaintiff desired to take passage, and if you find that by reason of the failure to open said ticket office as aforesaid plaintiff was unable to procure a ticket in time to safely enter said train, and was delayed and prevented thereby in entering said train in safety, and that while the plaintiff was attempting to board said train, she, while exercising that degree of care which a person of ordinary prudence would have exercised under the circumstances, was thrown to the ground and injured by said train being put in motion by the employes of the defendant in charge thereof, and if you find that but for the failure of the defendant's agents at Athens to open said ticket office as the law requires the plaintiff would have been able to safely enter the train, and that the failure to so open the ticket office was an act of negligence, and that such negligence was the direct and proximate cause of the plaintiff's injuries, if any, then you should find for the plaintiff."

A special charge was given at the request of plaintiff involving the same issue. These charges are assailed by the first, second and third assignments of error, the complaint being that they were irrelevant and misleading and calculated to divert the minds of the jury from the real issue in the case. It is contended by appellant that the real issue presented by the pleadings was whether appellant was negligent in failing to stop the train a sufficient time to enable passengers to get abord in safety.

The appellee's cause of action in so far as this issue is concerned is thus stated in her petition: "Petitioner was on her way home from a trip, and for the purpose of boarding defendant's train went to its station in Athens in due time to procure a ticket for her passage over said road to Tyler and to take the east-bound train on said road, but that the ticket office of said defendant was closed and remained closed, in violation of the lawful requirements that same should remain open for thirty minutes before the departure of the train, until said train of the defendant was about arriving at said station, when petitioner, leaving her

daughter to secure her ticket, which she did, hurried with all the dispatch possible to get on said train, and reaching the same began to ascend the steps of the same, but that before she reached the platform and while she was in the act of climbing the steps and before said train had remained stopped a sufficient and reasonable length of time to allow the getting on and off of passengers and the length of time usually occupied at such station, defendant's train was suddenly, negligently and recklessly started by its employes, so that petitioner was thrown from said train to the ground, which was hard and graveled around defendant's depot, and she was knocked senseless," etc.

We think the part of the petition quoted presents but one issue, and that is the failure of the company to stop its train long enough to allow appellee to board the train in safety. No other cause of the accident is averred, and the language of the pleading precludes the idea that the failure to open the ticket office bore any causal relation to the accident. The allegation is that she proceeded at once to the train, leaving her daughter to purchase the tickets, and the cause of the accident is distinctly stated to be that the train started before she had a reasonable time to board it. Her own evidence bears out this construction of the pleading. We think the assignments should be sustained. In the charges complained of the court submitted as a distinct basis of liability the failure of the agent to open the window sooner, leaving it to the jury to say under the facts whether such failure bore any causal relation to the accident. No such issue was presented by the pleadings.

Both the pleadings and the evidence present the issue of negligence on the part of the operatives of the train in starting the train without discovering appellee's peril, in failing to be present and assist her upon the train, but neither of these issues were submitted to the jury, so of course the judgment can not be upheld on those grounds. The court submitted two grounds upon which plaintiff might recover: the first, as above stated; the second, the failure of the train operatives to stop the train long enough. The second was correctly submitted, but we are unable to say upon what ground the jury adjudged the company liable. Hence, for the error indicated, the judgment must be reversed and the cause remanded.

None of the other assignments require our notice. They present no error likely to arise upon another trial.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

In the main opinion it is stated that the pleadings and evidence present the issue of negligence on the part of the operatives of the train in starting same without discovering the peril of the appellee, and in failing to assist her upon the train, but that these issues were not submitted to the jury. As a matter of fact these issues were submitted in requested charges, and we were in error in stating otherwise. Appellee calls our attention to the misstatement, and insists that upon these

issues the evidence is undisputed and the judgment should be affirmed, notwithstanding the error in submitting an issue not made. We did not mean to intimate (as appellee seems to think), that if such issues had been submitted we would have affirmed the judgment notwithstanding the error discussed in the main opinion. Nor can we concur in the proposition urged by appellee that the judgment should be affirmed on the ground that under the undisputed facts none other could have been rendered. Contributory negligence was pleaded as a defense, and, as the record stands, was an issue for the jury, even if it should be held that the negligence of defendant is shown beyond dispute.

Appellee further insists that the cause should not be reversed for the error discussed in the main opinion for the reason that defendant, by special charges, requested the submission of that issue. This point was not forgotten in our original consideration of the case, and we concluded that none of the charges asked by defendant amounted to a request to submit the issue in question. Several of them seek to restrict the effect of the evidence offered as to the failure to open the ticket office in time, but, considered either separately or collectively, they rather tend to exclude the idea that appellant's attorneys regarded the failure to open the office as presenting a distinct basis of liability. Neither allegation unsupported by proof, nor proof unsupported by allegation, can properly form the basis of a judgment, and we are unable to determine from this record whether or not the jury found for plaintiff alone upon the ground that the defendant negligently failed to open its ticket office within the time required by law. We are therefore constrained to overrule the motion.

*Overruled.*